UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:12-cr-00163-JAW |
| | ) | |
| DARLENE FORD, and | ) | |
| JAMES F. FORD, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING GOVERNMENT'S MOTION TO STRIKE DARLENE FORD'S FORFEITURE CLAIM**

On September 14, 2012, a federal grand jury indicted Darlene and James F. Ford, husband and wife, *Indictment* (ECF No. 1), and issued a superseding indictment on April 23, 2013. *Superseding Indictment* (ECF No. 80). The superseding indictment charged Darlene and James F. Ford with conspiracy to manufacture marijuana, *id.* at 1; using and maintaining a premises for the purpose of manufacturing marijuana, *id.* at 2; and, in Count VI, it charged Ms. Ford with aiding and abetting her husband, a felon, in his knowing possession of two specific firearms. *Id.* at 4. It also contained a forfeiture allegation, demanding forfeiture of both Mr. and Ms. Ford's interests in real property located at 360 Swan Lake Avenue, Monroe, Maine on the ground that the property was either derived from proceeds from the illegal activity alleged in the superseding indictment or had been used to commit and to facilitate the commission of those offenses. *Id.* at 5.

The Government brought Ms. Ford to trial on these charges beginning on September 23, 2013, but on September 26, 2013, the Court declared a mistrial when the jury was unable to reach a verdict. *Oral Decl. of Mistrial* (ECF No. 208). After

the mistrial of the case against Darlene Ford, the Government proceeded against James F. Ford and on November 21, 2013, the third day of that trial, a jury found Mr. Ford guilty of four counts, including engaging in a conspiracy to manufacture marijuana, manufacturing marijuana, maintaining a drug-involved premises, and possession of a firearm by a felon. *Verdict Form* (ECF No. 250). Immediately following the verdict, there was a brief trial on the forfeiture allegation and on November 21, 2013, the jury found that the Government had proven by a preponderance of the evidence that Mr. Ford used or intended to use 360 Swan Lake Road to commit or facilitate the commission of the marijuana conspiracy, manufacturing, and maintaining a drug involved place. *Verdict Form* (ECF No. 251).

Consistent with the jury verdicts, on November 25, 2013, the Court issued a preliminary order forfeiting James F. Ford's interest in 360 Swan Lake Avenue; the Order required that the Government "publish notice of the Order and its intent to dispose of the Property" and provided that any third party claiming an interest in the property must petition the Court within thirty days of the final publication or receipt of notice, whichever is earlier. *Prelim. Order of Forfeiture* at 2 (ECF No. 253). On December 30, 2013, Darlene Ford filed a Notice of Claim against the property stating that she is "an innocent owner of the subject property." *Notice of Claim* at 1 (ECF No. 265). She petitioned the Court "for a hearing to adjudicate the validity of her interest in the subject property." *Id.* at 2.

Meanwhile, on November 27, 2013, the Court reset Ms. Ford's case for trial to begin on February 4, 2014. *Order Granting Mot. to Continue* (ECF No. 256). On February 6, 2014, the third day of trial, the jury issued a verdict finding Ms. Ford guilty on all three counts. *Jury Verdict* (ECF No. 318). A brief separate trial was held immediately after the verdict on the forfeiture allegation before the same jury and on February 6, 2014, the jury found that the Government had proven by a preponderance of the evidence that Ms. Ford used or intended to use 360 Swan Lake Road to commit or facilitate the commission of the marijuana conspiracy and maintaining a drug involved place. *Verdict Form* (ECF No. 319). Consistent with the jury verdicts, the Court issued a preliminary order of forfeiture against Darlene Ford's interest in 360 Swan Lake Avenue, Monroe on February 7, 2014. *Prelim. Order of Forfeiture* (ECF No. 326). On March 7, 2014, the Government moved to strike Darlene Ford's Notice of Claim. *Mot. to Strike Forfeiture Claim of Darlene Ford* (ECF No. 330). Ms. Ford has not responded to the Government's motion.

The Court concludes that the Government is entitled to have Darlene Ford's Notice of Claim struck. Under 21 U.S.C. § 853(a)(2), a person convicted of a controlled substance offense "shall forfeit" to the United States "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." Once the jury determined that there was a nexus between Darlene Ford's controlled substance offenses and the property at 360 Swan Lake Avenue and once the Court issued a preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b), the preliminary

order acted as "a final judgment" as to Ms. Ford's rights to forfeited property. *United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001). As the Court's earlier preliminary order of forfeiture as to Mr. Ford's property rights in 360 Swan Lake Avenue is the same property that the jury subsequently determined was involved in Ms. Ford's controlled substance offenses, this jury determination and the preliminary order of forfeiture as to Ms. Ford have extinguished the predicate for her earlier-filed notice of claim to 360 Swan Lake Avenue. In other words, Ms. Ford has no cognizable "legal right, title, or interest" under 18 U.S.C. § 853(n)(6) to the property that the jury and this Court have determined she must forfeit.

Typically, Rule 32.2(c) contemplates an ancillary proceeding to determine the nature and scope, if any, of a claimant's right to forfeited property. FED. R. CRIM. P. 32(c)(1)(B). Here, however, Ms. Ford has had a jury trial on that exact question and the jury verdict that she has no such rights is binding on her and on this Court. Apparently recognizing the futility of arguing for a property interest in an ancillary proceeding, regarding property in which she has no legal interest, Ms. Ford has failed to respond to the Government's motion to strike and, to the extent she has a legal argument against the striking of her notice of claim, she has waived it.

The Court GRANTS the United States' Motion to Strike Forfeiture Claim of Darlene Ford (ECF No. 330).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2014